IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEREMY LAJEUNESSE,

      Plaintiff,

v.                                                                                       CV 18-0214 KG/JHR

BNSF RAILWAY COMPANY,

      Defendant.

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on BNSF Railway Company's ("BNSF") First Motion to Compel Discovery from Plaintiff Jeremy Lajeunesse [Doc. 83], filed February 7, 2019. Mr. Lajeunesse filed a Response [Doc. 92] and BNSF filed a Reply [Doc. 99], completing the briefing on March 5, 2019.[1] Having considered the parties' arguments and pertinent authority, the Court **grants** BNSF's Motion.

**I)      BACKGROUND**

Mr. Lajeunesse was working for BNSF as a Motorized Track Inspector when he alleges he was injured while driving a Kubota during an inspection on December 20, 2017. [*See* Doc. 1, p. 2]. Specifically, Mr. Lajeunesse asserts that he injured his lower back when "his Kubota struck a consecutive series of 3 large washed-out holes that were about 18" deep." [*Id.*]. According to Mr. Lajeunesse, the Kubota was subsequently pulled from service due to a worn-out suspension. [*Id.*, p. 3]. Mr. Lajeunesse subsequently sued BNSF for negligence under the Federal Employers' Liability Act. [*Id.*, p. 3].

---

[1] As required by this Court's Scheduling Order,[*see* Doc. 20], the parties engaged in an informal conference with the Court on December 18, 2018, prior to the filing of the instant Motion. [*See* Doc. 63].

1

The case proceeded to discovery, and BNSF served its first Requests for Production under Rule 34 of the Federal Rules of Civil Procedure to Mr. Lajeunesse on May 21, 2018. [*See* Doc. 22]. In Request for Production No. 15, BNSF asked Mr. Lajeunesse to "[p]roduce all medical and health records which may include health, dental, psychiatric, psychological, counseling, hearing, vision records and reports, hospital records and reports, laboratory tests, and pharmacy records relating to plaintiff for the time period of January 1, 2010 to date." [Doc. 83-1, pp. 2-3]. Mr. Lajeunesse did not object to the request, but stated that "[r]eleases have already been provided." [*Id.*, p. 3]. Additionally, Mr. Lajeunesse had a duty to disclose his "healthcare providers" and releases for their records pursuant to D.N.M.LR-Civ. 26.3(d). It is these releases that are at the heart of the current dispute.

In its Motion, BNSF states that it "has struggled to obtain medical releases from Plaintiff throughout the discovery process, culminating to Plaintiff's counsel's arbitrary refusal to provide any more than sixty (60) releases." [*See* Doc. 83, p. 3]. Among the additional releases that Mr. Lajeunesse will not provide are "releases for medical marijuana dispensaries Plaintiff has frequented since his alleged injury." [*Id.*]. Additionally, BNSF requests a release for the New Mexico Department of Health, because one of the medical marijuana dispensaries Mr. Lajeunesse visited is now closed. [*See id.*, p. 4, n.3]. Thus, BNSF's Motion requests that Mr. Lajeunesse complete a total of three releases: two for dispensaries and one for the Department of Health. [*Id.*].

Mr. Lajeunesse "opposes Defendant's motion as being unfounded." [Doc. 92, p. 1]. Specifically, Mr. Lajeunesse argues that, despite his failure to object to Request for Production No. 15, he "believes it is reasonable to now restrict releases to solely those authorized under Local Rule 26.3." [*Id.*]. Mr. Lajeunesse explains that, as of the filing of his Response, over eighty (80) releases have been provided, many of which have "failed to yield any documents whatsoever."

[*Id.*, p. 2]. Mr. Lajeunesse accuses BNSF of "simply selecting names out of a phone book rather than limiting their requests to releases for providers who *actually* treated Mr. Lajeunesse." [*Id.* (emphasis in original)]. Moreover, Mr. Lajeunesse argues that "it is not at all clear that dispensaries, like pharmacies, are included in the term 'healthcare provider'" as defined by Local Rule 26.3(d). [*Id.*]. He argues that the same applies to the New Mexico Department of Health. As such, Mr. Lajeunesse asks the Court to deny BNSF's Motion.

In its Reply, BNSF points out that Mr. Lajeunesse failed to object to Request for Production 15, which included pharmacy records, regardless of whether they are included in the definition of "healthcare provider" under the Court's Local Rules. [*See* Doc. 99, p. 1]. BNSF also explains that, because Mr. Lajeunesse could not remember the name of the medical marijuana dispensary on Menaul Boulevard he visited, it is entitled to releases for all dispensaries located on Menaul. [*Id.*, p. 5]. BNSF further represents, as it did in its Motion, that the New Mexico Department of Health "holds certain records for facilities Plaintiff has frequented," including a facility that has closed. [*Id.*, p. 6].

## II) LEGAL STANDARDS

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery, providing that:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Parties may issue requests for production pursuant to Federal Rule of Civil Procedure 34 "within the scope of Rule 26(b)[.]" Fed. R. Civ. P. 34(a). Each request must be responded to or addressed by specific objection. Fed. R. Civ. P. 34(b)(2). Responses are due within

30 days of service absent an agreement to an extension. Fed. R. Civ. P. 34(b)(2)(A). "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). A party may move to compel a response to a request for production if good faith attempts to secure the answer are unsuccessful. Fed. R. Civ. P. 37(a)(3)(B)(iv).

**III) ANALYSIS**

The Court begins by noting what it is not deciding. The Court is not deciding whether the definition of "healthcare provider" under Local Rule 26.3(d) includes pharmacies or medical marijuana dispensaries. Mr. Lajeunesse failed to raise any objection to producing his pharmacy records when confronted with Request for Production No. 15. "As a general rule a party who fails to assert timely objections to discovery waives them." *Lawrence v. First Kansas Bank & Tr. Co.*, 169 F.R.D. 657, 659 (D. Kan. 1996). In other words, because Mr. Lajeunesse did not object to producing his pharmacy records, the Court finds that Local Rule 26.3(d) is inapplicable to this dispute. The Court is also not deciding whether there should be a limit imposed on the amount of releases produced. Again, rather than object to Request for Production No. 15, Mr. Lajeunesse agreed to produce releases. To the extent that BNSF has a reasonable basis for requesting a release related to Mr. Lajeunesse's medical or health records, he simply has no choice other than to produce one.[2] Finally, the Court is not deciding whether Mr. Lajeunesse should be compelled to execute educational releases, as those releases were not addressed by BNSF until the last full paragraph of its Reply brief. [*See* Doc. 99, p. 6]; *Lowe v. New Mexico ex rel. King*, 2012 WL 13076250, at *3 (D.N.M. Oct. 23, 2012) ("The Court need not consider arguments raised for the

---

[2] In this regard, the Court does not find any evidence that BNSF acted in bad faith by requesting the releases at issue. As detailed in Mr. Lajeunesse's deposition testimony, he visited several medical marijuana dispensaries in Albuquerque, but could not recall the name of the dispensary he visited on Menaul Boulevard. [*See* Doc. 83-6, pp. 2-3].

4

first time in a reply brief."); *White v. Chafin*, 862 F.3d 1065, 1067 (10th Cir. 2017) ("Mr. White waived this contention by waiting to present it for the first time in his reply brief.").

This leaves what the Court is deciding: that medical marijuana dispensaries and, for the purposes of this case, the New Mexico Department of Health, fall within the definition of a "pharmacy" for the purposes of a discovery request under Rule 34. The Court reaches this conclusion after much deliberation and research, that latter of which has revealed little pertinent federal law or state law addressing the matter. While the Court agrees with Mr. Lajeunesse that there is a dearth of authority establishing a connection between traditional pharmacies and medical marijuana dispensaries, [*see* Doc. 92, p. 4], the Court is not convinced by Mr. Lajeunesse's reasons for distinguishing the two.

Mr. Lajeunesse argues that "[c]ertainly, pharmacies are generally regulated under federal law, while dispensaries are entities authorized under state law." [Doc. 92, p. 4]. While the Court agrees that dispensaries are "authorized" under state law, it also notes that both "pharmacies" and medical marijuana "producers" are heavily regulated by the State of New Mexico. *See generally* NMSA 1978, §§ 61-11-1 through 61-11-29 ("Pharmacy Act"); 16.19.6 NMAC *et seq.* (Pharmacies); NMSA 1978, §§ 26-2B-1 through 26-2B-7 ("Lynn and Erin Compassionate Use Act"); 7.34.3 NMAC (Registry Identification Cards). When these statutes and regulations are examined, the Court is confident that pharmacies and dispensaries are indistinguishable for the purposes of discovery.

By way of example, New Mexico defines a "pharmacy" as "a place of business licensed by the board where drugs are compounded or ***dispensed*** and pharmaceutical care is provided[.]" *See* NMSA 1978, § 61-11-2 (emphasis added). Likewise, the State of New Mexico defines a "cannabis producer" as "a person that is licensed by the department to possess, produce, ***dispense***,

distribute and manufacture cannabis and cannabis products and sell wholesale or by direct sale to qualified patients and primary caregivers[.]" *See* NMSA 1978, § 26-2B-3 (emphasis added). Thus, both pharmacies and "cannabis producers" are licensed by the State to dispense drugs pursuant to prescriptions issued by qualified medical practitioners. *See* NMSA 1978, § 26-2B-3 (defining a "practitioner" as "a person licensed in New Mexico to prescribe and administer drugs that are subject to the Controlled Substances Act."). This point is further illustrated by New Mexico's definition of "pharmaceutical care:" "the provision of drug therapy and other patient care services related to drug therapy intended to achieve definite outcomes that improve a patient's quality of life…." NMSA 1978, § 61-11-2. Likewise, "[t]he purpose of the Lynn and Erin Compassionate Use Act is to allow the beneficial use of medical cannabis in a regulated system for alleviating symptoms caused by debilitating medical conditions and their medical treatments." NMSA 1978 § 26-2B-2. Both statutory and regulatory schemes are directed at the provision of care to qualified patients through the dispensing of drugs under state authority.

While it is true that this rationale does not apply to the New Mexico Department of Health as an entity (neither party disputes that the Department does not dispense drugs), the Court finds little to distinguish it from dispensaries for the purpose of records retention. To wit, BNSF has represented that one of the dispensaries Mr. Lajeunesse visited has since closed, but that records relating to his visit at the closed dispensary are obtainable through the Department of Health. [Doc. 83, p. 4, n.3]. The Court notes that, if this is true, then the New Mexico Department of Health may have all the records that BNSF seeks, thereby necessitating only one release instead of three.

IV) **CONCLUSION**

Mr. Lajeunesse failed to object to Request for Production 15; he is thereby required to produce releases for all of the pharmacies he visited within the scope of that request. The Court

can discern no logical reason why the dispensaries at issue and the New Mexico Department of Health should not qualify as pharmacies for the purposes of this discovery dispute. Therefore, BNSF's Fist Motion to Compel Discovery from Plaintiff Jeremy Lajeunesse is **granted**, for the foregoing reasons.[3]

    IT IS SO ORDERED.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court will not award sanctions or costs to either party. Under Rule 37(a)(5)(A), the Court ordinarily must award expenses against the nonmovant or its attorney if such a motion is granted unless the nonmovant's position was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Given the lack of authority governing the issues raised in this Motion, the Court finds Mr. Lajeunesse's opposition to be substantially justified. Moreover, BNSF does not request its expenses in either its Motion or Reply brief.