IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEREMY LAJEUNESSE,

    Plaintiff,

vs.                                                              Civ. No. 18-214 KG/JHR

BNSF RAILWAY COMPANY,

    Defendant.

## ORDER

This matter comes before the Court upon Defendant's Motion for Costs and Fees, filed September 9, 2019. (Doc. 134). Plaintiff filed a response on September 19, 2019, and Defendant filed a notice of completion of briefing on September 20, 2019. (Docs. 135 and 136). Considering the Motion and the accompanying briefing, the Court grants the Motion for Costs and Fees (Doc. 134), in part, in that the Court awards Defendant a total of $163,500.47 in attorney's fees and costs.

    I.    *Background*

On March 6, 2018, Plaintiff filed a Federal Employers Liability Act claim against Defendant alleging he sustained a back injury while in the course and scope of his employment. (Doc. 1). Following Plaintiff's July 10, 2018, deposition, Defendant filed a motion to dismiss Plaintiff's Complaint as a sanction for Plaintiff's abuse of the discovery process, pursuant to Federal Rules of Civil Procedure 26, 37, and 41, and the Court's inherent authority. (Doc. 56). After considering the parties' briefing, on August 30, 2019, the Court found that Plaintiff "knowingly and intentionally lied under oath, made material and false misrepresentations, and abused the discovery process" in his answers to written discovery requests and during his

deposition. (Doc. 133) at 48. Specifically, the Court found Plaintiff's answers were deliberately false as to: (1) his previous back injuries; (2) the extent of his injuries and post-incident activities; (3) instructions from his physical therapist; (4) his gym use; (5) prior complaints to his employer; (6) his prior drug use; (7) communications he made immediately after the incident; (8) his social media use; and (9) his motorcycle ownership. *Id.* at 4-30. Additionally, the Court found numerous incidents of obstructionist behavior by Plaintiff during his deposition. *Id.* at 30-40.

Upon consideration of the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), the Court granted Defendant's motion to dismiss, dismissed Plaintiff's claims with prejudice, and granted Defendant's request for an award of costs and attorney's fees. *Id.* at 48. The Court ordered Defendant to file a "motion for costs and fees, supported by bills and/or affidavits, detailing which violations it believes warrant costs and fees, and totaling the claimed requests." *Id.* at 47. The Court further ordered Plaintiff to "respond to the motion, including clear identification of disputed costs and fees." *Id.*

In its Motion for Costs and Fees, Defendant asserts this lawsuit should not have proceeded beyond Plaintiff's deposition, so Defendant asks for an award of all expenses incurred from that date forward, in the amount of $227,669.00. (Doc. 134) at 1. In the alternative, Defendant requests an award of fees and costs directly related to Plaintiff's violations of the Federal Rules of Civil Procedure and abuse of the judicial process, in the amount of $151,564.75. *Id.*

In response, Plaintiff first notes that the Court has not concluded that he was not injured on the job or that Defendant was not negligent, and Plaintiff states that he has presented testimony and documents in support of his injury claim. (Doc. 1) at 1-2. Plaintiff further notes

2

that he has not returned to his prior job at BNSF and has no other regular income. *Id.* at 2. Therefore, Plaintiff argues dismissal of his case as a sanction for his discovery abuses is sufficiently severe and that an award of attorney's fees and costs is not warranted. (Doc. 135) at 4-5. Plaintiff alternatively contends that Defendant should not recover "fees and costs associated with the ordinary prosecution or defense of a claim versus those associated with the alleged misconduct." *Id.* at 5. Specifically, Plaintiff argues that fees relating to "the filing of motions for summary judgment," the "Bain report," and paralegal work, should not be included in the award. *Id.* at 6.

II. Discussion

District courts have "broad discretion to calculate fee awards" granted as sanctions for litigation misconduct. *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1184 (2017). However, "such an order is limited to the fees the innocent party incurred solely because of the misconduct." *Id.* A party seeking attorneys' fees bears the burden of proving "all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998). Moreover, the party requesting fees must make "a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

To determine the reasonableness of a fee request, the Court calculates the so-called "lodestar amount," which presumptively reflects a "reasonable" fee. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 563-65 (1986); *Cooper v. Utah,* 894 F.2d 1169, 1171 (10th Cir.1990). The lodestar calculation is the product of the number of attorney

3

hours "reasonably expended" and a "reasonable hourly rate." *Hensley,* 461 U.S. at 433; *Phelps v. Hamilton,* 120 F.3d 1126, 1131 (10th Cir.1997).

   A. *Awarding Fees and Costs is Warranted*

  Plaintiff first argues that dismissal of his case is a sufficient sanction for his discovery abuses, and notes that none of the cases cited by Defendant stand for the proposition that both dismissal of claims and an award of fees and costs are justified for discovery violations. (Doc. 135) at 4-5. Plaintiff cites to no authority holding that courts may not dismiss a party's claims and award fees and costs. Indeed, the Federal Rules of Civil Procedure allow courts to dismiss an action in whole or in part *and* order attorney's fees as a sanction for failure to comply with a discovery order. *See* Fed. R. Civ. P. 37(b)(2)(C) (explaining award of attorney's fees is "[i]nstead of or in addition to" other sanctions, including dismissal of action). Moreover, the Tenth Circuit has upheld a district court's decision to dismiss a case with prejudice and award attorney's fees based on discovery violations. *See Norouzian v. Univ. of Kan. Hosp. Auth.*, 438 Fed. Appx. 677, 680 (10th Cir. 2011) (holding district court did not abuse its discretion in dismissing case with prejudice and awarding attorney's fees incurred in bringing motions to compel).

  Plaintiff also argues that awarding attorney's fees would "chill future employee injury claims," and he urges the Court to "consider the effect of such a sanction on BNSF employees who are injured in the future." (Doc. 135) at 5. This assertion fails to recognize that the Court's decision to dismiss this case and award fees and costs is a result of finding Plaintiff "willfully, wantonly, and in bad faith failed to comply with his oath, failed to submit true and accurate interrogatory answers, and allowed misleading and incomplete responses to requests for production." (Doc. 133) at 47. As such, the Court's decision will have no effect on future

4

claims that are litigated absent such egregious conduct. For these reasons, the Court finds that awarding Defendant fees and costs is warranted.

    *B. Blanket Award or Award Fees Incurred as a Result of Misconduct*

  Defendant asks the Court to order Plaintiff to pay all fees and costs it incurred on and after the date of Plaintiff's deposition. (Doc. 134) at 2-10. Defendant relies on *Chambers v. NASCO, Inc.*, wherein the United States Supreme Court affirmed sanctions in the entire amount of attorney's fees incurred by the aggrieved party in the litigation. 501 U.S. 32, 58 (1991) (affirming award of nearly one million dollars in attorney's fees). Defendant also relies on *Farmer v. Banco Popular of N. Am.*, in which the Tenth Circuit affirmed the district court's decision to sanction a litigant by awarding all fees incurred after the date the bad faith behavior began instead of tailoring the sanction to each particular wrong. 791 F.3d 1246, 1258-59 (10th Cir. 2015). Defendant argues the appropriate "trigger date" is the date of Plaintiff's deposition—July 10, 2018—because, even though Plaintiff had earlier been misleading and untruthful in his interrogatory answers, "a bulk of his bad faith behavior occurred at his deposition with extensive fallout afterward through to the briefing on the subject Motion [for Costs and Fees]." (Doc. 134) at 6. Defendant asserts that Plaintiff "would not have had a good faith basis to proceed with the litigation if he had told the truth at his deposition" because he would have had to admit he was not physically impaired and could return to work. *Id.* Alternatively, Defendant asks the Court to sanction Plaintiff in the amount of $151,564.75, which is what Defendant calculated it incurred as a direct result of Plaintiff's bad faith discovery conduct. *Id.* at 10-20.

  In response, Plaintiff urges the Court "to distinguish between those fees and costs associated with the ordinary prosecution or defense of a claim versus those associated with the alleged misconduct." (Doc. 135) at 5. Specifically, Plaintiff argues the Court should not award

5

Defendant fees and costs incurred by filing motions for summary judgment, the "Bain report," and for paralegal work. *Id.* at 6.

Defendant is correct that courts have the inherent authority to impose particularly severe sanctions and have even awarded all fees from the start or a midpoint of a suit. *See, e.g., Chambers*, 501 U.S. at 51 (affirming award of all attorney's fees because defendant's "entire course of conduct" was "part of a sordid scheme" to defeat valid claim). However, the United States Supreme Court recently clarified in *Haeger* that such blanket awards are only for "exceptional cases" where the court can reasonably conclude that all awarded legal expenses were caused solely by the bad faith conduct. 137 S.Ct. at 1188. The *Haeger* court explains: "If a plaintiff initiates a case in complete bad faith, so that every cost of defense is attributable only to sanctioned behavior, the court may … make a blanket award." *Id.* Additionally, "if a court finds that a lawsuit, absent litigation misconduct, would have settled at a specific time—for example, when a party was legally required to disclose evidence fatal to its position—then the court may grant all fees incurred from that moment on." *Id.* Therefore, in awarding fees the "sanctioning court must determine which fees were incurred because of, and solely because of, the misconduct at issue." *Id.* at 1189 (reversing trial court's award of all attorney's fees "incurred during the time when Goodyear was acting in bad faith" because "that is a temporal limitation, not a causal one") (citation and internal brackets and quotation marks omitted).[1]

---

[1] Similarly, Rules 26(g)(3) and 37(b)(2)(C) provide for the award of sanctions that are *caused* by a party's violation—not for a blanket award. *See* Fed. R. Civ. P. 26(g)(3) ("The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation."), Fed. R. Civ. P. 37(b)(2)(C) ("[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to obey a discovery order].").

Pursuant to *Haeger*, the Court may only award fees and costs caused by Plaintiff's misconduct. The Court has not found that Plaintiff's case was initiated in bad faith or that the case would necessarily have ended at a specific time absent Plaintiff's sanctioned behavior. Therefore, the Court cannot make a blanket award of all fees and costs incurred after Defendant's proposed "trigger date" of Plaintiff's deposition. Instead, the Court will award fees and costs incurred as a result of Plaintiff's bad faith conduct in discovery. *See, e.g., Johnson v. Paragon Systems, Inc.*, 2018 WL 5045334, at *3 (D.D.C.) (declining to award all fees incurred in the case because the court "cannot definitively conclude that Mr. Johnson's suit against Paragon was initiated in bad faith").

    C. *Calculation of Fee Award*

Defendant submitted detailed billing records in support of its position that it incurred a total of $151,564.76 as a result of Plaintiff's bad faith discovery conduct. (Doc. 134) at 10-20. Defendant categorizes its expenses into costs and fees associated with: (1) surveillance of Plaintiff; (2) preparation for Plaintiff's deposition; (3) taking Plaintiff's deposition; (4) Defendant's post-deposition efforts to create an accurate record in light of Plaintiff's untruthful testimony (including subsequent investigation into Plaintiff's gym records, criminal history, motorcycle purchase, and physical therapy records); (5) Dr. Bain's report regarding Plaintiff's claimed physical capabilities; (6) briefing the Motion to Dismiss; and (7) briefing the Motion for Costs and Fees. *Id.* Defendant provides specific billing records and affidavits supporting its expenses for each category. *Id.* (citing Exhibits A, G-M).

Plaintiff disputes three aspects of Defendant's submitted bills (1) fees associated with "the filing of motions for summary judgment;" (2) the "Bain report;" and (3) fees and costs associated with work done by paralegals. (Doc. 135) at 6. Defendant did not include expenses

7

for preparing or filing the motions for summary judgment it is itemized billing, so the Court finds that objection is moot.

As for Dr. Bain's report, Defendant explains Dr. Bain was retained as a biomechanical expert "in order to expose inconsistencies in [Plaintiff's] claimed physical capabilities." (Doc. 134) at 17. Defendant states Dr. Bain performed studies using surveillance footage of Plaintiff and concluded that Plaintiff was not forthright with his healthcare providers, so any work and lifting restrictions were given in error. *Id.* at 17-18 (citing Exhibit L at 29). Plaintiff, however, argues the report "appears to pertain primarily to a job task analysis as opposed to discovery issues." (Doc. 135) at 6.

In assessing specific litigation expenses, the Court must "determine whether a given legal fee … would or would not have been incurred in the absence of the sanctioned conduct." *Haeger*, 137 S.Ct. at 1187. However, the Court "need not, and indeed should not, become green-eyeshade accountants," and the goal is "to do rough justice, not to achieve auditing perfection." *Id.* (citation omitted). Accordingly, the Court "may take into account its overall sense of a suit, and may use estimates in calculating and allocating an attorney's time," and "may decide, for example, that all (or a set percentage) of a particular category of expenses—say, for expert discovery—were incurred solely because of a litigant's bad-faith conduct." *Id.* (citation omitted).

Upon review of Dr. Bain's report, the Court disagrees with Plaintiff that it primarily pertains to a "job task analysis." Instead, Dr. Bain conducted multiple tests to determine the lumbar force exerted by activities Plaintiff was surveilled doing, such as hopping into and out of a pickup truck bed and lifting weights. *See* (Doc. 134-12) at 15-26. Dr. Bain then opined as to Plaintiff's ability to undertake these tasks despite his complaints of pain and physical limitations.

8

*Id.* at 29-30.  Dr. Bain's findings became necessary when Plaintiff gave misleading and untruthful discovery responses and deposition testimony regarding his activities, injuries, and physical abilities.  While the Court did not definitively conclude that Plaintiff was not injured or that his case was initiated in bad faith, the Court found that Plaintiff was misleading, obstructionist, and deceptive in his discovery responses and deposition.  *See, e.g.,* (Doc. 133) at 6 (finding Plaintiff misrepresented previous back injury and abilities) and 14 (finding Plaintiff's testimony regarding weight-lifting activities "disingenuous, at best").  The Court, therefore, finds Defendant's expenses relating to Dr. Bain's report were incurred because of Plaintiff's bad-faith conduct.

Next, Plaintiff objects to Defendant's efforts to recover fees incurred by paralegals.  (Doc. 135) at 6.  Paralegal work is compensable as long as "purely clerical or secretarial tasks" are not billed at a paralegal rate.  *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989).  "The relevant inquiry for requested paralegal fees is whether the work was sufficiently complex to justify the efforts of a paralegal, as opposed to an employee at the next rung lower on the pay-scale ladder."  *Casias v. Dep't of Corr.*, 2019 WL 2881007, at *4 (D.N.M.) (citations, internal quotation marks, and emphasis omitted).  Plaintiff does not contend that any of the submitted fees are for clerical or secretarial tasks, and the Court has reviewed the submitted timesheets and does not see any such entries.  Therefore, the Court will allow Defendant to recover its paralegal fees.

In addition, Plaintiff asserts he is unable to pay because he is not employed, he no longer has a claim for personal injury, and he lost his home earlier this year.  (Doc. 135) at 2-3.  Defendant, however, urges the Court not to reduce the amount of sanctions based on an inability to pay.  (Doc. 134) at 7, n.4.  While the Tenth Circuit has held that district courts should consider

9

ability to pay when assessing punitive sanctions, that is not the case when compensatory sanctions are ordered. *See Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1205 (10th Cir. 2008) (holding district court did not abuse its discretion by refusing to consider ability to pay when ordering compensatory, instead of punitive, sanctions). Moreover, the United States Supreme Court has explained that sanctions for bad-faith litigation behavior under a court's inherent authority are compensatory. *Haeger*, 137 S.Ct. at 1186 (explaining fee awards to address discovery misconduct "must be compensatory rather than punitive in nature"). Therefore, the Court need not consider Plaintiff's ability to pay.

Alternatively, even if the Court were to consider Plaintiff's ability to pay, Plaintiff has not demonstrated he cannot pay. Plaintiff has two college degrees, is working on his master's degree, earned an annual salary of $115,002.09 while working for Defendant, recently committed to making payments totaling $39,383.40 on a motorcycle, and worked for a business towing mobile homes while he was on medical leave. *See* (Doc. 134) at 9 (citing Exhibit D, excerpts of Plaintiff's deposition transcript; and Exhibit E, tax assessor information). Therefore, the Court finds Plaintiff has the ability to procure the required funds. *See Farmer*, 791 F.3d at 1260 (finding plaintiff was able to pay fee award based in part on his education, and instructing court to not confuse "his willingness to pay with his ability to pay").

Finally, the Court finds that Defendant's fees appear to represent a reasonable billing rate, consistent with the market and counsel's level of experience, and notes that Plaintiff has not submitted any evidence to the contrary. Defendant's billing rates are between $150 and $210 for its attorneys, and less than that for its paralegals. *See* (Doc. 134) at 11, n.5; (Doc. 134-1). The Court further finds the number of hours expended by Defendants is reasonable, and the Court calculates that a gross receipts tax rate of 7.8750% on $151,564.75 amounts to $11,935.72. *See*

Gross Receipts Tax Schedule for Albuquerque, effective July 1, 2019, through December 31, 2019 (http://tax.newmexico.gov/gross-receipts-tax-historic-rates.aspx). Therefore, the Court awards Defendant a total of $163,500.47 ($151,564.75 + $11,935.72) for reasonable fees and costs incurred as a result of Plaintiff's bad faith discovery conduct. As explained in the Court's Memorandum Opinion and Order on Defendant's Motion to Dismiss, because the Court found the primary conduct at issue is Plaintiff's conduct, and because Defendant did not move for sanctions against Plaintiff's counsel, the Court orders Plaintiff to personally pay this amount. *See* (Doc. 133) at 47, n.7.

   III.   *Conclusion*

For the foregoing reasons, Defendant is awarded $163,500.47 in fees and costs incurred as a result of Plaintiff's bad faith conduct in discovery. To the extent any costs in Defendant's forthcoming Rule 54(d)(1) Costs Bill are duplicative of costs awarded herein, Defendant shall identify and remove those amounts.

IT IS ORDERED that Defendant's Motion for Costs and Fees, (Doc. 134), is granted in part in that Plaintiff must personally pay Defendant $163,500.47 in attorney's fees and costs.

IT IS FURTHER ORDERED that Plaintiff's failure to comply with this Order may result in additional monetary sanctions.

_____
UNITED STATES DISTRICT JUDGE